N. F. WALKER *et al.*, plaintiffs in error, *vs.* JAMES R. WALKER *et al.*, defendants in error.

1. Where there was a bill and answer and plea, and it was agreed that as there was no dispute as to the facts, the Judge should decide the case on the pleadings:

*Held,* that the facts set forth in the bill, answer and pleas are all to be taken by the Judge as true.

2. Where, by consent of parties, a verdict was taken in an equity cause, for the complainant, the amount of the verdict to be left blank, and afterward, at the same term, a consent agreement was entered into by the parties, and put upon the minutes of the Court, reciting the fact of the verdict, and agreeing that the blank should be filled by the Judge by proper order, after a hearing in vacation, and a decree was then taken by the complainants, leaving the amounts also in blank, and the hearing was had as agreed upon, and an order passed by the Judge directing the Clerk to fill the blanks in the verdict and decree, which was accordingly done:

*Held,* That under this state of facts, and after nearly three years have elapsed without any motion by the defendant, it was not error in the Court below to refuse to sustain a bill of review to allow a new hearing on the sole ground of error of law, on the face of the proceedings. Whatever of defect there is in the record is cured by the consent of the parties.

Equity. Bill of review Before Judge GREEN. Upson Superior Court. May Term, 1871.

The bill of review, which was filed in office on the 3d September, 1870, alleges that James R. Walker, William H. Walker and James H. Gray, all of Taylor county, on the 5th day of December, 1865, instituted their suit in equity, in the Superior Court of Upson county, against Nathaniel F. Walker, wherein they prayed a decree for the specific performance of the following contract: " For value received, I hereby promise and agree to pay and deliver to James R. Walker, James H. Gray and William Walker, by the 25th day of December next, two hundred and fifty bales of cotton, on the following terms, to-wit :

" 1. The whole lot to average good middlings.

" 2. Such as may be already baled to be considered as delivered by the 10th November next, say one hundred and fifty bales, the remainder to be considered delivered by the 25th Debember next.

" 3. The said N. F. Walker is to be allowed twenty-six cents per pound for all cotton delivered under this contract.

" 4. All that may be lacking after the delivery of said cotton, to make up the sum of forty-six thousand and twenty-six dollars and twenty-nine cents, is to be paid by the said N. F. Walker, by the 25th December, 1866, in cash or cotton, at the then market price.        N. F. WALKER.

" September 27th, 1865.

"Attest: JAMES M. SMITH."

They likewise prayed the writs of injunction and *quia timet.* They were ordered to issue, each in a penalty of $50,000 00, and were issued and served on the defendant, N. F. Walker, who, to relieve himself from arrest, executed a bond, together with D. K. Walker, N. M. Walker, William H. Walker and B. F. Walker, conditioned not to re-

move beyond the jurisdiction of the Court any of the property specified in the bill, or in any manner to dispose of the same. Under an order of the Court passed at the May Term, 1866, this condition was held not to be a compliance with the bond ordered by the sanction, and the defendant, N. F. Walker, was required to give a new bond with the condition that he should well and truly perform his contract contained and set forth in the bill, by the delivery of the cotton therein mentioned, and that he should answer any decree that might be had in the premises, which latter bond, conditioned as last aforesaid, was executed by said N. F. Walker and the securities to the first bond. Thereafter N. F. Walker filed his answer to the bill, and an order was passed modifying the injunction. The complainants amended their bill on the 11th day of May, 1867. At an Adjourned Term, held in January, 1867, an order was taken allowing an injunction issued in a suit at the instance of John L. Woodward, guardian, etc., against complainants in the bill against N. F. Walker, to be so far modified as to allow said complainants to proceed to trial in their bill against said Nathaniel F., without prejudice to the rights of the parties to the bill in favor of said Woodward. At the November Term, 1867, of said Court, the cause of James R. Walker and others against Nathaniel F. Walker was submitted to a special jury, who returned a verdict of which the following is a copy :

" We, the jury, find and decree in favor of James R. Walker ......... and against the defendant." " We find and decree in favor of William H. Walker the sum of ............ We further find that the matter of difference between James H. Gray and defendant was not submitted to us, and that branch of the case be left open for further adjustment, subject to the provisions of this decree. We further find that there is pending in this Court a bill at the suit of John L. Woodward, deceased, on his own behalf and as guardian of complainants and Allen M. Walker, in which there are sundry matters and equities claimed by the parties unadjusted.

This decree is not to be paid or settled to the prejudice of the rights of the parties under said bill. We further find that there are sundry summonses of garnishment at the suit of various parties against the defendant as having funds in his hands of James R. Walker. This is not to be paid or enforced so as to prejudice the rights of said creditors of James R. Walker or to the said Nathaniel F. Walker. We further find and decree that there is pending in this Court a bill in equity at the suit of William E. Coleman, trustee of Francis C. Coleman and others if made parties. This decree is not to be enforced to the prejudice of the rights of Nathaniel F. Walker, who is a defendant to that bill as the legal representative of Allen M. Walker, with cost of suit.

" JORDAN LYONS, Foreman."

At the same term of the Court, and after the return of said verdict, the following agreement was entered into, to-wit:

JAMES R. WALKER, WM. H. WALKER, JAMES H. GRAY, *vs.*
NATHANIEL F. WALKER.

Bill for the relief. Specific performance, etc., in Upon Superior Court.   November Term, 1867.

A decree in the above stated case having been rendered by a special jury at this term of the Court in favor of the complainants, James R. Walker and William H. Walker, against the defendant, Nathaniel F. Walker, leaving the amounts due them respectively *blank* in said decree. It is agreed between the parties, James R. Walker and William H. Walder, complainants, and Nathaniel F. Walker, defendant, that his Honor, Alexander M. Speer, shall hear the parties and audit and settle the amounts due the said James R. Walker and William H. Walker, respectively, and said amounts, when ascertained, shall be inserted in the blanks left in said decree, by the proper order of his Honor, Alex-

ander M. Speer, and that the agreement and the order of his Honor to be entered on the minutes of the Court.

CABANISS & PEEPLES,
Complainants' Solicitors.

SMITH & ALEXANDER,
Defendant's Solicitors.

A decree was then rendered by the Court against N. F. Walker and his securities upon the bond, conforming in all other respects to the above verdict, even as to the blanks. Afterwards, on the third of March, 1868, the presiding Judge, in Chambers, passed an order, of which the following is a copy:

The auditing of the amount of the decree rendered at November Term, 1867, of Upson Superior Court, in the bill of James R. Walker, William H. Walker, and others, against Nathaniel F. Walker, so far as to ascertain and settle the amounts to be inserted in the decree in favor of James R. Walker and William H. Walker, respectively, having by consent of parties been referred to me; and having heard and considered the same, it appears that there was due from defendant to the complainant in the bill the sum of........ .............    $46,026 29
(to be discharged by the delivery of cotton at 26 cents per pound.) According to the answer of defendants there were delivered to complainants:

99 bales, weighing 450 lbs. each...44,550 lbs.
3 bales, weighing 500 lbs. each... 1,500 lbs.
                                    _____
                                    46,050 lbs.

Walker *et al. vs.* Walker *et al.*

At 26 cents per pound amounting to........ ........11,973 00

Which deducted from original debt leaves.........$34,053 29

Of this amount William H. Walker and James
    H. Gray are entitled each to one-sixth....... $5,675 54
Two-sixths...............................$11,351 08
The remaining four-sixths of.................... ..... 34,053 29
After deducting...................................... 11,351 08
                     /
                               $22,702 21
Received by sale of cotton for J. R. Walker, by
    P. W. Alexander, Receiver.....................$ 3,000 00

Principal due J. R. Walker........................$19,702 21
Interest from December 25th, 1866, to Novem-
    ber 7th, 1867, when the decree was rendered.  1,195 23
The amount of principal due James R. Walker,
    to be inserted in the decree..................... 19,702 21
Interest to November 7th, 1867..................... 1,195 23
Principal due W. H. Walker, to be inserted in
    the decree ....................,............... 5,675 54
After deducting $3,700, received from sale of
    cotton by P. W. Alexander, Receiver........ 3,700 00

                               $1,975 54
Interest to November 7th, 1867................... 119 83

It is therefore ordered that the Clerk of the Superior Court of Upson county fill the blanks in the decree with the amount of $19,702 21, principal, and $1,195 23, interest, to the 7th day of November, 1867, in favor of James R. Walker; and the sum of $1,975 54, principal, and $119 83, interest, to November 1867, in favor of William H. Walker, and that this order be entered on the minutes of the Court.

ALEXANDER M. SPEER,<br>Judge Superior Court, Flint Circuit.

Afterwards the blanks in said verdict and decree were filled with the amounts found to be due to said James R. and William H. Walker, respectively, and execution issued therefor against said N. F. Walker and his said securities. The decree and execution, so far as respects the securities, was set aside by order of said Superior Court upon their motion, and said action has been confirmed by the Supreme Court. The bill of review seeks a reversal of said decree upon the grounds following, viz: because when said decretal verdict was rendered said cause was not ripe for trial; that said verdict does not cover any of the issues submitted by the pleadings in the case except the costs; that it does not purport to be final, and is, at best, but an interlocutory verdict, which is unknown to and unauthorized by law; that by the terms of said incomplete verdict no decree could be entered thereon at the term of the Court when the same was found; that the Chancellor had no power in vacation, even with the consent of the parties, to audit and settle the accounts between them, and upon ascertaining the amounts due complainants, to direct them by his order, passed in Chambers, to be inserted in the blanks left in said decretal verdict and decree, for that he is forbidden by law to render such decrees in vacation; that said consent did not authorize and empower the Judge, acting as Chancellor, to fill any blanks by his order, passed in vacation, except those in said decretal verdict; that under said consent he was not authorized to fill blanks in the decree entered on said verdict, the defendant, N. F. Walker, never having consented, as appears from the record, to entering up and rendering such decree, and because said decree is erroneous and void for uncertainty and cannot be enforced until the issues reserved therein, as also in said verdict, have been settled and determined. And for as much as no order and decree appears in said proceedings determining said issues, and no order to issue execution thereon, the said execution issued in said cause is illegal and void, and is proceeding without authority of law. The defendants filed to this bill

what purported to be a plea, answer and demurrer, in which they admit that the Court proceedings set forth by bill are correctly copied, but insist that the decree is lawful in all of its parts and stages; they insist that it was found on account of the great age and infirmity of Nathaniel F. Walker, who attended Court with great inconvenience, as well as to settle the rights of a large number of persons, having or claiming rights arising out of the litigation in the bill, and to protect the rights of complainants; they state that it was agreed between the parties that a blank decree as to amounts should be taken at that term of the Court, and that because it was impracticable to have the amounts properly audited at that time, should be referred to the Judge to audit the same at Chambers, at a time to be fixed, and upon notice to be given by him, and the blanks should be filled by his order with the amounts ascertained to be due; that he audited the accounts and passed the order, and the blanks were accordingly filled. They go into the origin of the contract of which a specific performance is sought, and the motives for making it, and shew that it was founded upon a decree between the same parties for a larger amount, and that it is novation of the old indebtedness, and they demur to the bill of review, because complainants therein have a plain, adequate and complete remedy at law.

The parties being ready, the cause was, by consent, submitted to the Court " upon all questions of law and facts as they appear on the pleadings." " There being no disputed questions of fact arising in the cause," the Chancellor refused the prayer of complainants in the bill of review, and affirmed said decree. This is assigned as error.

Poe, Hall & Poe; Doyal & Nunnally, for plaintiffs in error. Bill of review does not lie to correct *formal* errors: Story's Eq. Pl., sec. 411. Equity has no jurisdiction to compel specific performance of a contract to pay specifics: R. Code, secs. 2732, 3132. Remedy at law complete: 17th Ga.

R., 77. When *quia timet* will issue : R. Code, sec. 3165 explained by sec. 2 Act Mar. 23d, 1814, sec. 1 ; Act 22d Dec., 1830, sec. 1 ; Act 23d Dec., 1830 ; Cobb's N. D., 526, 527. No *ne exeat* as remedy at law : R. Code, secs. 3159, (1), 3160. Decree not final because the verdict finds none of the issues between the parties : 17th John's R., 559 ; 2 Dan'l Ch. Pr., 1199, 1192, 1193 ; R. Code, secs. 4153, 4142, 4147. Decree is void because amounts are blank : 40th Ga. R., 56, and covers no issue made : R. Code, secs. 34, 79 ; nor does the consent for Judge to fill them help it, for verdicts cannot be prospective : 14th Ga. R., 167. *Consensus tollit errorem* applies only when the consent covers the matter : 3 P. Wms., 242 ; 3 Dan'l Ch. Pr., 1603. Review lies when Court exceeded its jurisdiction : 3 Dan'l Ch. Pr., 1727–8 ; 1 Vern. R., 292 ; 9 Sm. & M., 144 ; so for error in law, against statute : Cooper's Eq. Pl., 89 ; Dan'l, *supra*, note 3. Formerly, a decree to sell trust property, made in vacation, was void : 10th Ga. R., 429 ; changed by Act 20th Feb., 1854 : R. Code, secs. 4160, 4165, 239. The agreement was not in *order* for decision in chambers : R. Code, sec. 3541. As to power to decree without jury : R. Code, secs. 4142, 4144, 4147.

CABANISS & PEEPLES; SMITH & ALEXANDER; SPEER & BECK, for defendants. Judge may act in vacation under order in term : R. Code, sec. 239 ; 1 Ga. R., 300. A decree is judgment of Chancellor on the facts: R. Code, sec. 4153. A decree may be moulded to suit circumstances : R. Code, sec. 4154. Court was auditor, and his report, unexcepted to, good basis for decree : R. Code, sec. 4147. At best, this confession of judgment was right : 7th Ga. R., 110 ; R. Code, secs. 3541–3. Auditor can act in term or vacation : R. Code, sec. 3082. Motion to set aside judgment was complainant's remedy : R. Code, sec. 3559. The report was amendable : R. Code, sec. 3532. No fraud, accident or the like in decree : R. Code, sec. 3537. Formal error insuffi-

Walker *et al.* *vs.* Walker *et al.*

cient for review : 12 Ga. R., 18 ; Mitford's Pl., 67 ; Story's Eq. Pl., 411.

McCay, Judge.

This was a bill in equity for a review of a former decree. The bill had been regularly filed. An answer had not been waived, and the defendant had, within the proper time, under rules regulating the practice, answered the bill. Under the law, the case was ready for a hearing before the jury with the answer, as evidence for both parties. In this state of it the parties agreed that, as there was no dispute about the facts, the Judge should decide the case on the *pleadings*. What were the pleadings ? Clearly, the bill and answer. We think, therefore, it was proper for the Judge to consider in his finding the facts stated in the answer. The presumption is that the answer replied to the charges in the bill either by admission or denial, and the case went before the Judge with an admission that everything set up in the answer responsive to the bill was true. Perhaps the agreement fairly may go even further. As it agrees that there is no dispute as to the facts, it may fairly be construed into an agreement that facts set up by the defendant in his answer by way of defense are true, even though not responsive to, but in avoidance of the charges in the bill, since it can hardly be said there is no dispute about the facts if the facts of the case claimed by either party to be true are to be construed or not taken for true.

We think the course pursued in this case was a very loose one ; and one that ought not to be encouraged. But it was by consent of the parties; and, under section 10 of the Code, parties may waive or agree to almost anything not involving the public interest or public policy. There is no complaint of any violation of the rights of any of the parties. It is not even contended that the amounts formally inserted in the verdict and decree are unjust. This bill is based upon the

naked claim that the proceeding is not lawful. We are clear that it was in accordance with the agreement of the parties. And, as they have acquiesced in it for three years, we think they are bound by it, especially as they do not show that any injustice has been done them. And if they had, we are not sure that they do not stand as any other party who has a judgment against him. To open it, he must show fraud or some mistake or accident, materially affecting the result, without any admixture of negligence on his part. Public policy requires that there shall be an end of litigation, and a judgment ought to be final.

Judgment affirmed.